UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | SA-22-CR-452 JKP |
| | § | |
| | § | |
| JAYCOB ANDREW BUSTAMANTE, | § | |
| | § | |
| Defendant. | § | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States Attorney for the Western District of Texas, by and through its undersigned Assistant United States Attorney, files Government's Sentencing Memorandum, which includes not only the Government's position regarding sentencing, but also responds to Defendant's Sentencing Memo and his objections to the PSR.

### *The Facts of this Case*

As early as late 2019, Jaycob Bustamante began systematically and continuously terrorizing S.L. and her family. His cruel conduct[1] utilized multiple social media platforms; subjecting S.L. and her family to embarrassment and humiliation, as well as extreme danger. This is a targeted crime of violence and should be treated as one.

### *Dr. Samenow's Report*

While Dr. Samenow's report is sprinkled with references to S.L., it primarily focuses on Bustamante's history and his fixation with sexually activity and materials which depict sexual activity. It is clear, the crux of matter is missing. Bustamante did distribute child pornography, in violation of 18 U.S.C. § 2252(a)(2), but he did not distribute that child pornography to other

---

[1] See PSR paragraphs 15 through 23 for details.
**Response to Defendant's Sentencing Memorandum- Bustamante Page 1**

individuals engaged in child exploitation; he distributed it to the family and friends and social media contacts of S.L. That is a horse of a different color.

The Government does not minimize the criminal conduct associated with Bustamante's collection of child pornography as represented by paragraph 37 of the PSR. And most certainly does not minimize the criminal conduct associated with the acquisition[2] of that material. In fact, this conduct does fall into Dr. Samenow's evaluation – no doubt, Bustamante is clearly someone with hypersexuality. Dr. Samenow's report does not address the violent nature of this crime, which is even more egregious when viewed in terms of the methodical, ongoing, long-term, widespread, and lasting implications.

### *Bustamante Distributed Child Pornography*

Through his sentencing memorandum Bustamante continually misstates and minimizes his behavior. The actual facts as detailed in the PSR paragraphs 15 through 23, include the following points of significance.

- Bustamante knew S.L. was 15 when she sent him the videos.

- Bustamante knew the videos of S.L. that he was distributing to others constituted child pornography.

- Bustamante knew the other underage female he engaged in sexual activity with, which he video recorded, constituted child pornography. In fact, it was Bustamante that directed agents to look for and identify those videos within his cellphone.

---

[2] Bustamante used social media applications to identify females, including those he knew to be under the age of 18, with whom he would engage in sexual activity; activity which he recorded.

**Response to Defendant's Sentencing Memorandum- Bustamante Page 2**

**I.**     **The Sentencing Guidelines are Reasonable in Bustamante's Case**

Even though Bustamante concedes the sentencing guidelines are reasonable and appropriate, he raises the issue of whether they are empirically based. His concession makes that argument a moot point. *See* Defendant's Sentencing Memo, Page 7, last sentence.

Nonetheless, the Government points out, that the Supreme Court in *United States v. Kimbrough,* 552 U.S. 85, 128 S.Ct. 558 (2007), reaffirmed Congress's ability to directly mandate sentencing Guidelinesto the Commission:

> The Commission not only developed Guidelines sentences using an empirical approach based on data about past sentencing practices, including10,000 presentence reports, but it also modified and adjust[ed] past practicein the interests of greater rationality, avoiding inconsistency, complying with Congressional instructions, and the like."

*Kimbrough*, 552 U.S. at 96. The Supreme Court thus left undisturbed the bedrock principle that when Congress directs "sentencing practices in express terms," those congressionally authorized instructions provide the sentencing framework. *See Id.* at 103.In *Kimbrough*, the crack cocaine guidelines were problematic because the Sentencing Commission had set them without taking into account empirical data *and* without explicitdirection from Congress. *Id.* at 96, 102-103, 109-110. Unlike the crack cocaine guidelines at issue in *Kimbrough*, Congress has expressly spoken regarding the appropriate sentences in child pornography cases, and Congress's view is directly reflected in the child pornography guidelines. Thus, even assuming that guideline § 2G2.2was based entirely on congressional directive–an incorrect assumption, that is not a flaw, but rather a direct result of Congress's power, derived from the Constitution. *See United States v. Kirchof*, 505 F.3d 409, 414 (6th Cir. 2007).

Following *Kimbrough*, the Fifth Circuit has declined to extend its application to other

**Response to Defendant's Sentencing Memorandum- Bustamante Page 3**

sentencing guidelines that may or may not be empirically based. In *United States v.Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009), *cert. denied* 130 S.Ct. 192 (2009), the defendant argued that "appellate courts should discard the presumption of reasonableness applied to within-Guidelines sentences when empirical studies do not undergird the Guidelines at issue." *Id.* at 360. The circuit court categorically disagreed, reading *Kimbrough* to hold that district courts maintain the discretion to consider policy decisions ("including the presence or absence of empirical data") as part of their analysisunder 18 U.S.C. § 3553(a). *Id*. at 366. The court stated:

> In appropriate cases, district courts certainly may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly. But ifthey do not, we will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based.

*Id.* at 367. *See also Id.* at n.7 (citing a handful of unpublished opinions reaching the same conclusion); *United States v. Duarte,* 569 F.3d 528, 530 (5th Cir. 2009) ("Whatever appropriate deviations it may permit or encourage at the discretion of the district judge, *Kimbrough* does not force district or appellate courts into a piece by piece analysis of the empirical grounding behind each part of the sentencing guidelines."). Until the Sentencing Commission acts to change a particular guideline, the Fifth Circuit "will presume a sentence within the current version to be reasonable, and the defendant mustrebut that presumption to demonstrate substantive unreasonableness." *Id.*

### *Specific Objections to the PSR*

1. Bustamante objects to the **five-level enhancement** applied in paragraph 35 of the PSR for a pattern of behavior. The same criminal conduct repeated on multiple days with multiple victims – use of internet-based social media applications to connect with underage females for the purpose of engaging in sexual activity with the intention of video recording the

**Response to Defendant's Sentencing Memorandum- Bustamante Page 4**

behavior -- is the very definition of a pattern of behavior.

2.   Bustamante objects to the **two-level enhancement** applied in paragraph 36 for the use of a computer or interactive computer service, stating "Use of the internet to commit this offense is not an aggravating factor that merits an upward enhancement." (Defense Memo, page 5). In this case, the means in which Bustamante utilized the internet to distribute child pornography not only warrants an enhancement, but it also warrants an upward departure from the guidelines. Bustamante's utilization of the internet exponentially multiplied the immediate impact of the exploitation, while extending the pain and suffering to the victim. Even to this very day.

**II.    A Guideline Sentence meets the Requirements under § 3553**

The government could spend more time defending the guidelines and guideline sentences, it is not necessary to do so. Under the factors found in 18 U.S.C. § 3553, Bustamante deserves a sentence within the guideline range of 135 to 168 months. The Government respectfully requests a sentence of 168 months.

When sentencing a defendant, the Court's reasoning must be guided by the sentencing considerations set forth in 18 U.S.C. §3553(a). *United States v. Smith*, 440F.3d 704, 706 (5th Cir. 2006). In pertinent part, these factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant . . .

18 U.S.C. § 3553(a); *Id.*

Under both the guidelines and the factors to be considered under § 3553, Bustamante

**Response to Defendant's Sentencing Memorandum- Bustamante Page 5**

deserves the highest sentence the court is willing to impose. Because the guidelines are now advisory, the court can impose a sentence up to the statutory maximum if this sentence is reasonable under the § 3553 factors listed *supra*.

### III.     Conclusion

Despite Bustamante's efforts to minimize his crime, he has participated in one of the most vile and heinous crimes in our society. And, even more egregious, he did so with specific intent to harm and terrorize his specific victim. The Supreme Court, Congress, and courts across the country have repeatedly recognized the pain and suffering caused by the sexual exploitation of children. A sentence of at least 168 months addresses the severity of his crime. While nothing can make S.L. whole after being subjected to this pain and suffering at the hands of Bustamante, a severe sentence at least gives her and other victims of child exploitation the comfort that at least this defendant will not be trading and using their images of pain and suffering for his own pleasure for a very long time.

                                                Respectfully submitted,

                                                JAIME ESPARZA
                                                United States Attorney

                                                ***s/ Bettina J. Richardson***
                                                BETTINA J. RICHARDSON
                                                Assistant United States Attorney
                                                601 NW Loop 410, Suite 600
                                                San Antonio, Texas  78216
                                                SBN 00786196
                                                210-384-7150
                                                Bettina.richardson@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on **January 9, 2023**, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, WDTX, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney(s) of record who have consented in wring to accept this Notice as service of this document by electronic means: **David Kimmelman, FPDO**

                                        *s/ Bettina J. Richardson*
                                        BETTINA J. RICHARDSON